**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LAJUAN GORDON,**

       **Petitioner,**

  v.                                          **Civil Action No. 3:12cv112**
                                                   **Criminal Action No. 3:05cr68**
                                                   **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On September 21, 2012, the pro se petitioner filed a petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody. (Dkt.# 742). After a Notice of Deficiency issued, on October 4, 2012, petitioner filed his petition on a court-approved form. This case, which is pending before the undersigned for a preliminary review pursuant to LR PL P 2, is ripe for review.

### I. Factual and Procedural History

**A. Petitioner's Conviction and Sentence**

On September 22, 2005, the petitioner was named in four counts of a 26-count indictment (Dkt.# 1), charging him with conspiracy to distribute more than fifty grams of cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; conspiracy to trade a quantity of cocaine base in order to commit a § 924(c) violation (using a firearm in connection with a drug trafficking crime) in violation of Title 18, U.S.C. § 371; distribution of approximately 1.0 grams of cocaine base in exchange for $100, in violation of Title 21, U.S.C. §§ 841(a)(1), 841(b)(1)(C) and Title 18 U.S.C.§ 2; and distribution of 2.6 grams of cocaine base in exchange for

$300.00, in violation of Title 21, U.S.C. §§ 841(a)(1), 841(b)(1)(C). On April 21, 2006, the petitioner pled guilty to Count 13 of the indictment, distribution of cocaine base, a violation of 21 U.S.C.§ 841(a)(1). On July 27, 2006 the petitioner's plea was accepted and he was sentenced and he was sentenced to a term of 240 months to be followed by three years of supervised release and payment of a $100 special assessment fee.

**B. Appeal**

Petitioner filed a timely Notice of Appeal. (Dkt.# 435). On December 18, 2007, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence by *per curiam* unpublished opinion. (Dkt.# 523). Petitioner made no motion for rehearing and did not petition for a writ of *certiorari* with the U.S. Supreme Court. Accordingly, his conviction became final on March 18, 2008, when the time for seeking such review expired. *See* Clay v. United States, 537 U.S. 522 (2003).

**C. Other Collateral Proceedings**

On April 18, 2008, an Order was entered appointing a federal public defender to petitioner for the purpose of pursuing a sentence reduction under 18 U.S.C. § 3582(c)(2). (Dkt.# 535). On March 30, 2009, an Order was entered reducing petitioner's sentence from 240 months to 235 months, pursuant to 18 U.S.C. § 3582(c)(2). (Dkt.# 570). On September 2, 2009, petitioner filed a *pro se* Motion for Reconsideration for Order Reducing Defendant Sentence Pursuant to 18 U.S.C. 3582(c) (Dkt.# 601), seeking a further reduction of his sentence; that motion was denied by Order entered on September 4, 2009. (Dkt.# 603). By Order entered November 1, 2011, however, *sua sponte,* the Court further reduced petitioner's sentence from 235 months to 188 months. (Dkt.# 723).

### D. Federal Habeas Corpus

**First §2255 Motion**

Petitioner, through retained counsel, filed his first Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 on November 30, 2009. Because the motion was untimely by eight months and twelve days, the Court issued notice pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), advising the petitioner that his case would be recommended for dismissal unless he could show that his motion was timely. See (Dkt.# 638). Petitioner filed a response on February 16, 2010. On February 25, 2010, the magistrate judge issued a Report and Recommendation, recommending that petitioner's §2255 motion be denied because petitioner had failed in his burden of presenting any evidence to prove that any circumstance beyond his control or external to his own conduct caused the delay in timely filing his petition; petitioner had validly waived the right to collateral attack; and his § 2255 claims were unsupported, lacked merit and were procedurally defaulted. After petitioner's counsel submitted timely objections, on June 15, 2010, the Court adopted the Report and Recommendation, denying and dismissing the §2255 motion. Petitioner did not appeal.

**Second §2255 Motion**

In his instant motion, petitioner asserts that

1) the Sixth Amendment of the U.S. Constitution guarantees every criminal defendant the benefit of a notice of appeal, and incident to that, the right to effective counsel; and

2) the counsel he retained to file his first §2255 motion was ineffective, because despite

having accepted a "$16,000.00" retainer[1] "6 to 7 months"[2] before the one year time period for timely filing a §2255 motion ran, counsel "led petitioner on until the last moment" before filing the motion too late, such that it was denied as time-barred.

3) He is entitled to relief pursuant to the holdings in Maples v. Thomas, 565 U.S.___, 132 S. Ct. 912 (2012), Martinez v. Ryan, 132 S. Ct. 1309 (2012), and Fed. R. Civ. P. 60(b)(6), because his tardiness in failing to appeal the denial of his first §2255 motion was a result of his attorney's "abandonment of the case."

## II. Analysis

### A. Statute of limitations for filing a 28 USC §2255 Motion

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[3] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

---

[1] Petitioner attaches copies of receipts showing that a retainer of Six Thousand Dollars ($6,000.00), not Sixteen Thousand Dollars ($16,000.00), was paid to counsel between May 29, 2007 and July 21, 2007.

[2] The entire $6,000.00 was paid to retained counsel one year and almost nine months before the expiration of the one-year statute of limitation for timely filing of a §2255 motion.

[3] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

4

In his memorandum in support of his instant § 2255 motion, petitioner offers as an explanation as to why the one-year statute of limitations for timely filing a §2255 motion should not bar his petition: that "his attorney of record . . . was inept and defective . . . [and] did take his retainer under the pretense of filing a timely petition, pursuant to 28 U.S.C. §2255, and that as a result, he did deliberately time bar this petitioner . . . to the one year limitation provided under A.E.D.P.A."

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if upon disposition of a direct appeal, a federal prisoner files a writ of *certiorari* with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. *See* Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not timely file a *certiorari* petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, or ninety days after the entry of the judgment on direct appeal. *See* Clay v. United States, 537 U.S. 522, 532 (2003).

Here, because petitioner did not petition for a writ of *certiorari* to the U.S. Supreme Court, his conviction became final on March 18, 2008. Therefore, the petitioner had one year from that date in which to timely file a § 2255 motion. The instant motion was filed on September 21, 2012, well after the statute of limitations had already expired. Because he did not file this present §2255 motion until September 21, 2012, it is even more untimely than his previous §2255 motion.

**B.**     **Second and Successive §2255 Motions Prohibited**

Section §2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Although petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. *See* Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); United States v. Flanory, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court. Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's claims, the undersigned recommends that petitioner's §2255 motion be denied with prejudice as untimely, and also for lack

of jurisdiction.[4]

### III. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 (Dkt.# 742) motion as untimely and **DISMISSING** the case with prejudice.

Within **fourteen (14) days** after being served with a copy of this Recommendation, **or by October 31, 2012**, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the pro se petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

DATED: October 17, 2012

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[4] Moreover, even if petitioner's motion were not untimely, second and successive, as noted *supra*, petitioner validly waived the right to collaterally attack his conviction and sentence, incident to his plea agreement. See Plea Agreement, Dkt.# 377 ¶10 at 4 and Plea Hearing Transcript, Dkt.# 482 at 9 - 10.