**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LAJUAN GORDON,**

Petitioner,

v.   **CRIMINAL NO. 3:05-CR-68-1
CIVIL NO. 3:12-CV-112
(BAILEY)**

**UNITED STATES OF AMERICA,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

**I.   Introduction**

On this day, the above-styled matter came before this Court upon consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on October 17, 2012 [Crim. Doc. 748 / Civ. Doc. 2]. In that filing, the magistrate judge recommended that this Court deny the § 2255 Petition [Crim. Doc. 742 / Civ. Doc. 1] as untimely and to dismiss the same from the docket.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of its receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). This Court notes objections were timely filed. See Crim. Doc. 751. Accordingly, this Court will review those portions to which objection is made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II.  Factual and Procedural History

The relevant factual and procedural history regarding the petitioner's motion under 28 U.S.C. § 2255 are as follows. On April 21, 2006, the petitioner pled guilty pursuant to a written plea agreement to the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). As part of that agreement, the defendant stipulated to a relevant conduct of 1,763.3 grams of cocaine base. As a result, the Court sentenced the petitioner to a 240-month term of incarceration and 3 years of supervised release. Following the entry of judgment on July 28, 2006, the petitioner filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit. See Crim. Doc. 460. On December 18, 2007, the Fourth Circuit affirmed the petitioner's conviction and sentence. See Crim. Doc. 523. Petitioner made no motion for rehearing, and filed no writ of certiorari with the United States Supreme Court. Accordingly, the petitioner's conviction became final for § 2255 purposes on March 17, 2008. See **Clay v. United States**, 537 U.S. 522 (2003).

On November 30, 2009, the petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 632]. This filing was made after the statute of limitations had run. Following an initial review, the Magistrate Judge gave Notice [Doc. 638] to the petitioner pursuant to **Hill v. Braxton**, 277 F.3d 701, 707 (4th Cir. 2004), that absent sufficient justification, the petition would be subject to dismissal for violating the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. In response to the notice, the petitioner conceded that his petition as filed violated AEDPA's one-year limitations period; however, the

petitioner further argued that he was entitled to equitable tolling because facts supporting the claim or claims presented could not have been discovered through the exercise of due diligence [Doc. 653].

Upon consideration, Magistrate Judge Joel recommended that the § 2255 petition be dismissed [Doc. 655], as the existence of a letter from a co-defendant which Gordon claimed exonerated him had been known for years, thereby creating an insufficient basis to toll the one-year limitations period.

On September 21, 2012, the petitioner filed the instant (second) § 2255 petition [Civ. Doc. 1 / Crim. Doc. 742] wherein he asserts:

> 1) the Sixth Amendment of the United States Constitution guarantees every criminal defendant the benefit of a notice of appeal, and incident to that, the right to effective counsel; and
>
> 2) the counsel he retained to file his first § 2255 motion was ineffective, because despite having accepted a "$16,000.00" retainer "6 to 7 months" before the one year time period for timely filing a § 2255 motion ran, counsel "led petitioner on until the last moment" before filing the motion too late, such that it was denied as time-barred.
>
> 3) He is entitled to relief pursuant to the holdings in ***Maples v. Thomas***, 565 U.S.___, 132 S. Ct. 912 (2012), ***Martinez v. Ryan***, 132 S. Ct. 1309 (2012), and Fed. R. Civ. P. 60(b)(6), because his tardiness in failing to appeal the denial of his first § 2255 motion was a result of his attorney's "abandonment of the case."

### **III.**  **Applicable Law**

In 1996, Congress passed the AEDPA, establishing a one-year limitations period for all federal habeas corpus petitions. Under the Act, the limitations period begins to run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Moreover, "[f]or the purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment in entered." **Sherill v. United States**, 2006 WL462092 *1 (W.D.N.C. Feb. 23, 2006). In this case, the petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. Petitioner did not file a writ of certiorari to the United States Supreme Court, therefore his conviction became final on March 17, 2008. Accordingly, the statute of limitations under the AEDPA ran one year later on March 17, 2009. The first § 2255 petition was filed on November 30, 2009 [Doc. 632]. The instant § 2255 petition was filed September 21, 2012 [Civ. Doc. 1 / Crim. Doc. 742].

## IV. Discussion

Turning to the case at bar, it is apparent to this Court that the petition is untimely. While the Fourth Circuit has held that the AEDPA statute of limitation is subject to equitable modifications such as tolling, **United States v. Prescott**, 221 F.3d 686, 687-88 (4th Cir. 2000), nevertheless, "rarely will circumstances warrant equitable tolling." **Rouse v. Lee**, 339 F.3d 238, 246 (4th Cir. 2003). Here, the Court finds petitioner's argument for equitable tolling to be misplaced.

4

A.  Statute of Limitations for Filing a § 2255 Petition

In his memorandum in support of his instant § 2255 petition, petitioner asserts that the one-year statute of limitations for timely filing a § 2255 motion should not bar his petition because "his attorney of record . . . was inept and defective . . . [and] did take his retainer under the pretense of filing a timely petition, pursuant to 28 U.S.C. § 2255, and that as a result, he did deliberately time bar this petitioner . . . to the one year limitation provided under A.E.D.P.A."

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. **Aikens v. United States**, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if upon disposition of a direct appeal, a federal prisoner files a writ of *certiorari* with the United States Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. See **Washington v. United States**, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not timely file a *certiorari* petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, or ninety days after the entry of the judgment on direct appeal. See **Clay v. United States**, 537 U.S. 522, 532 (2003).

Here, because petitioner did not petition for a writ of *certiorari* to the United States Supreme Court, his conviction became final on March 18, 2008. Therefore, the petitioner had one year from that date in which to timely file a § 2255 motion. The instant motion was filed on September 21, 2012, well after the statute of limitations had already expired. Because he did not file this present § 2255 motion until September 21, 2012, it is even more untimely than his previous § 2255 motion.

B. Second and Successive § 2255 Motions Prohibited

Section § 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in § 2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. **Harvey v. Horan**, 278 F.3d 370 (4th Cir. 2002). Although petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. See **Shoup v. Bell & Howell Co.**, 872 F.2d 1178 (4th Cir. 1989); see also **United States v. Casas**, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); **United States v. Flanory**, 45 Fed.Appx. 456, 2002 WL 2020042 (6th Cir. 2002). Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Therefore, pursuant to 28 U.S.C. § 2244 and § 2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See **United States v. Winestock**, 340 F.3d 200, 207 (4th Cir. 2003). Consequently, without addressing the merits of petitioner's claims, this Court is of the opinion that the petitioner's § 2255 motion be denied with prejudice as untimely, and also for lack of jurisdiction

6

### V. Conclusion

Upon careful review of the above, and for the reasons more fully stated in the R&R, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation [Civ. Doc. 2 / Crim. Doc. 748]** should be, and is, hereby **ORDERED ADOPTED**. Further, the petitioner's Objections to the R&R **[Crim. Doc. 751]** are hereby **OVERRULED**. Therefore, this Court hereby **DENIES** the § 2255 Petition **[Civ. Doc. 1 / Crim. Doc. 742]** and **ORDERS** the same **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court. The Clerk is further **DIRECTED** to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** November 27, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE